LOUIS NUTZMANN v. GERMANIA LIFE INSURANCE COMPANY OF
NEW YORK.[1]

January 2, 1901.

Nos. 12,366—(155).

**Personal Injury—Operation of Passenger Elevator—Selection of Operator.**

At a second trial of this action for personal injuries alleged to have been caused by an incompetent fellow servant, the main facts as shown by the evidence did not differ materially from those established at the first trial. See 78 Minn. 504. There was, however, a quantity of expert testimony as to the amount of instruction and experience necessary to render a man of ordinary faculties qualified to operate an elevator. *Held* that, upon all of the evidence, the question whether defendant exercised ordinary and reasonable care when selecting the servant whose negligence when operating an elevator caused the injuries was for the jury.

**Variance Immaterial.**

It was alleged in the complaint that the operator suddenly and violently started the elevator upward with great force and rapidity, by reason of which plaintiff was unable to enter the same, and then carelessly and negligently stopped and suddenly lowered it a short distance. The proof was that, after being stopped, it was again moved upward, not lowered, with great rapidity. *Held*, that this variance between the allegation and the proof as to the movement of the elevator after it was first stopped was immaterial, and was properly disregarded by the trial court.

**Acting without the Scope of Employment.**

The claim is made by defendant's counsel upon appeal that from the evidence it conclusively appears that when the accident happened the plaintiff and the elevator man were not acting within the scope of their employment, but were using the elevator without authority, and for their own convenience simply. *Held*, that the claim is without merit.

Action in the district court for Ramsey county to recover $15,-000 damages for personal injuries. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for $3,100. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

[1] Reported in 84 N. W. 730.

*C. D. & Thos. D. O'Brien*, for appellant.

*How & Taylor* and *Pierce Butler*, for respondent.

COLLINS, J.

The facts in this case, as they appeared at the first trial, are stated in a former opinion (78 Minn. 504, 81 N. W. 518), and as so stated do not differ particularly from those shown upon the second trial, in which plaintiff had a verdict, an appeal being taken from judgment thereon.

Defendant's claim at this time is that on the evidence as received upon the trial it was entitled to a directed verdict in its favor, a motion to that effect having been made when the testimony closed. The law applicable to the facts here was laid down in the former opinion, and the court below, having then directed a verdict in defendant's favor, was reversed for two reasons: First, because of its refusal to receive expert testimony offered by plaintiff's counsel as to the required amount of training and experience necessary in order to qualify and render a man capable of running an elevator; second, because, on the whole evidence as to the exercise of ordinary or reasonable care in the selection of the man in question, the case was for the jury. At the second trial there was an abundance of expert testimony as to the requisite training and experience, both parties producing witnesses; and, as might be expected, there was a difference of opinion among these gentlemen. But, taking the whole testimony of these experts, defendant's counsel assert that it is conclusively shown that defendant exercised ordinary and reasonable care and diligence when employing Mr. Hanft, and that there was no issue upon this point, and for this reason its motion should have been granted. It may be that the preponderance of evidence on this subject was with defendant, and to the effect that Hanft was sufficiently instructed when employed, and, with his subsequent experience prior to the accident, fully qualified to operate the elevator when plaintiff was injured. But on all of the testimony these questions were for the jury.

In passing, it is proper to say that in the former opinion it was stated that defendant's engineer, Hanft's brother, reported to its

agent in charge of the building, prior to the employment, that Hanft could do the work required. The agent so testified at the first trial, and there was no contradiction. The agent also testified to this at the second trial, but the engineer emphatically denied that he had made such a report to the agent, and at the second trial this same engineer admitted that Hanft "got a little rattled when the car went a little too fast."

It was alleged in the complaint that Hanft suddenly and violently started the elevator upward with great force and rapidity, by reason of which plaintiff was unable to enter the same, and, further, that Hanft then carelessly and negligently stopped and suddenly lowered it for a short distance; while the proof was that the elevator was violently started upward, was then stopped very suddenly, and was then again moved upward with great rapidity. The witnesses did not state the movement of the elevator precisely as alleged in the complaint, and because of this discrepancy it is argued by counsel for defendant that there was a fatal variance between the complaint and the proof, which should have prevented the plaintiff from recovering. This variance was not material. It was very slight, and in no manner could it have misled counsel, or have been prejudicial to defendant. The trial court was at liberty to and very properly did disregard it. G. S. 1894, §§ 5262, 5263.

It is also urged by counsel that from the testimony it clearly appears that Hanft and the plaintiff were not acting within the scope of their employment when using the elevator at the time of the accident, nor under circumstances which would render defendant liable for injuries sustained; and that the case is one of an unauthorized use of an elevator by employees for their own convenience simply. We have examined the charge of the court, together with defendant's requests for instructions, all made verbally, and immediately prior to the charge, and this point was not alluded to in any manner. There was no request to instruct upon it, and, if considered important, the attention of the court should have been directly called thereto, which was not done. This, of itself, is sufficient reason for disregarding this claim, made for the first time upon appeal.

But, going beyond this, it is true that the testimony shows that, according to the rules of the building, the elevators stopped running at 12.30 a. m.  It is also true that during the trial, and in response to an objection made to certain questions by plaintiff's counsel, attention was called to the general denial in the answer, and the claim was then made that under this denial it was competent to show that under the rules the use of the elevator by employees was unauthorized at the time of the accident.  But no further attention seems to have been paid to the point by defendant's counsel, and no stress was laid upon it.  It seems to have been abandoned then and there.  That it was not regarded as of importance is made clear by the fact that during the trial the plaintiff's counsel attempted to show that defendant's employees, including the plaintiff, were permitted to use the elevators at all times when they were at work and had occasion to use them.  This was objected to by defendant upon the ground that testimony upon this point was inadmissible, except as an affirmative defense to be introduced by defendant itself.  Nor was it plainly shown that this accident occurred after the time at which, according to the rules referred to, the elevator should have ceased running.  The plaintiff was injured about 12 p. m.  In addition to this, it was conclusively established by the proofs that it was absolutely necessary for Hanft to use the elevator to do the very work in which he was engaged at the time he was called down from the floor above, and that he had habitually used it at such work.  We think it very clearly appears that all of the defendant's employees involved in the accident were properly engaged in defendant's service, within the scope of their employment, when the accident happened, rather than in any independent enterprise of their own.

We conclude that the defendant has been wholly unsuccessful in distinguishing the present appeal from the former one, and that upon all of these questions of fact the case was more clearly one for the jury than it was when tried the first time.

Judgment affirmed.